**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RANDY ELLIOT GILBREATH,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD<br><br>　　　　　　　　　　　Defendant. | Case No.: 17cv1909 W (BLM)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND [DOC. 4]** |

　　Defendant City of Carlsbad moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not responded to the motion.

　　The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the reasons that follow, the Court **GRANTS** Defendant's motion [Doc. 4] **WITHOUT LEAVE TO AMEND**.

//

//

//

//

1

## I. BACKGROUND

The following allegations are taken from the Complaint.

On December 19, 2016, the San Diego County Sheriff's Department received a telephone call from Plaintiff Randy Gilbreath's ex-wife, who was in North Carolina. (*Compl.* [Doc. 1] ¶¶ 18, 19.) She reported that she had a telephone conversation with Gilbreath, who was staying in a hotel in Carlsbad, California while receiving medical treatment, and that he sounded suicidal, and he owned a gun. (*Id.* ¶ 18.) The Sheriff's Department contacted the Carlsbad Police Department, which sent police officers to Gilbreath's hotel room to conduct a "welfare check." (*Id.* 19.)

Carlsbad police officers arrived at Gilbreath's room around 11:30 p.m., and knocked on the door. (*Compl.* ¶ 17.) Gilbreath, who was sleeping in his boxers, woke up, and when he answered the door, was "yanked out from the threshold of his hotel room by" the officers. (*Id.* ¶ 20.) Gilbreath was "then pulled into the hallway in front of his hotel room wearing nothing but boxer shorts…." (*Id.* ¶ 21.) One of the officers was carrying a shotgun at the time. (*Id.* ¶ 22.) While Gilbreath was standing in the hallway humiliated and embarrassed, officers entered and searched the hotel room without his consent or a warrant. (*Id.* ¶¶ 23, 24, 26.) When the officers were finished searching the room, they ordered Gilbreath back into his room. (*Id.* ¶ 27.) Gilbreath contends at some point he was forcibly pushed backwards into a chair. (*Id.* ¶ 28.)

The next day, Gilbreath went to the Carlsbad Police Station and demanded a copy of the police report. (*Compl.* ¶ 29.) To this day he has not been given a copy of the report. (*Id.*)

On September 19, 2017, Gilbreath filed this lawsuit against the City of Carlsbad. The Complaint asserts causes of action for (1) Violation of the Fourth Amendment Rights – Unlawful/Unreasonable Seizure of Person under 42 U.S.C. § 1983; (2) Violation of the Fourth Amendment Rights – Unreasonable/Unlawful Entry Into & Search and Seizure of Private Hotel Room under 42 U.S.C. § 1983; (3) False Arrest / False Imprisonment Under California State Law; and (4) Intentional Infliction of Emotional Distress Under

California State Law. The City now seeks to dismiss the Complaint on the ground that Gilbreath has failed to state a claim. The City also asserts the dismissal should be without leave to amend. Gilbreath has not filed an opposition, not even to request that he should be given another attempt to amend the Complaint.

## II. LEGAL STANDARD

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balisteri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. See Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

3

## III. DISCUSSION

As an initial matter, the Court grants the City's motion to dismiss based on Gilbreath's failure to file an opposition as required by Civil Local Rule 7.1. The Ninth Circuit has held that pursuant to a local rule, a district court may properly grant a motion to dismiss for failure to respond. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond).

Civil Local Rule 7.1.f.3.c. expressly provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Here, Gilbreth did not file an opposition and has not requested additional time in which to do so. Moreover, there is no evidence before the Court suggesting that the City's moving papers failed to reach Gilbreath's counsel or that he was not aware of this pending motion. Relying on Civil Local Rule 7.1.f.3.c., the Court deems his failure to oppose the motion to dismiss as consent to its merits.

Furthermore, regardless of Gilbreath's failure to oppose the motion, the Court finds that Gilbreath has failed to state a claim against the City because based on the Complaint's allegations, his rights were not violated. In United States v. Cervantes, 219 F.3d 882 (9th Cir. 2000), the Ninth Circuit adopted the "emergency aid" exception to the Fourth Amendment's warrant requirement. The exception applies where (1) the police have reasonable ground to believe there is an emergency at hand, and an immediate need for their assistance for the protection of life or property; (2) the search is not primarily motivated by an intent to arrest or seize evidence; and (3) there is a reasonable basis to associate the emergency with the place to be searched. Id. 888–890.

Here, the Complaint admits that Gilbreath's ex-wife called the San Diego Sheriff's Department and reported that Gillbreath was staying at the hotel in Carlsbad, that he may have been suicidal, and owned a gun. (*Compl.* ¶ 18.) The Court finds these allegations are sufficient to establish that the officers' warrantless search of Gilbreath's hotel room

4

satisfied the emergency-aid exception.  Additionally, the allegations also establish that the officers' brief detention of Gilbreath while they searched the room was reasonable and did not violate the Fourth Amendment.  See Muehler v. Mena, 544 U.S. 93 (2005) (confirming an officer's authority to detain incident to a search).  For these reasons, the Court finds Gilbreath has failed to allege a section 1983 claim against the City.

Finally, Gilbreath's state-law claims are premised on the alleged unlawfulness of the search and seizure.  Because the search and seizure were lawful, Gilbreath has failed to state, and cannot state, state-law claims against the City.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Defendant City of Carlsbad's motion to dismiss [Doc. 4] **WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.**

Dated:  April 9, 2018

_____
Hon. Thomas J. Whelan
United States District Judge